[Cite as *Lathrop v. Lathrop*, 2023-Ohio-4449.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

ERIC ALLEN LATHROP,

Plaintiff-Appellant,

v.

GEORGIA TINSLEY LATHROP,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 CO 0002**

---

Civil Appeal from the
Court of Common Pleas, Domestic Relations Division,
of Columbiana County, Ohio
Case No. 20 DR 425

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Carl J. King*, for Plaintiff-Appellant and

*Atty. Tracey A. Laslo*, for Defendant-Appellee.

Dated:  December 7, 2023

**HANNI, J.**

{¶1} Plaintiff-Appellant, Eric Allen Lathrop, appeals from a Columbiana County Common Pleas Court, Domestic Relations Division, judgment granting a divorce between him and Defendant-Appellee, Georgia Tinsley Lathrop, and denying his request for spousal support.

{¶2} Appellant and Appellee were married in 1991. Appellant filed a complaint for divorce on October 16, 2020. At the time, the parties had a number of assets and debts. They entered into stipulations regarding the division of those assets and debts. A divorce trial was held on April 29, 2022, before a magistrate. The magistrate granted a divorce on the grounds of incompatibility, adopted the division of assets as agreed upon by the parties, and did not award spousal support to either party.

{¶3} Appellant subsequently filed an objection to the magistrate's decision asserting the magistrate should have awarded him spousal support. The trial court overruled the objection and granted the divorce. The court found that the magistrate had properly considered the factors in R.C. 3105.18 and did not award spousal support to either party. The trial court also noted Appellant failed to even request spousal support at any point during the trial. Appellant filed a timely notice of appeal on January 5, 2023.

{¶4} Appellant now raises one assignment of error, which states:

THE COURT ERRED IN NOT AWARDING THE PLAINTIFF SPOUSAL SUPPORT IN ACCORDANCE WITH OHIO REVISED CODE 3501.18(C)(1) [sic.].

{¶5} Appellant argues the trial court failed to consider Appellee's job as it relates to spousal support. At the time of the divorce, Appellee was employed as a nurse, earning approximately $40,000 annually. During testimony at the trial, Appellee stated she planned to retire. Appellant contends Appellee is voluntarily leaving her job for the purpose of avoiding a spousal support order, and for this reason the court may impute Appellee's pre-retirement income to her.

{¶6} We review matters surrounding spousal support decisions for an abuse of discretion. *Corradi v. Corradi*, 7th Dist. Mahoning No. 01-CA-22, 2002-Ohio-3011, ¶ 51. Abuse of discretion implies that the trial court's judgment is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶7} Pursuant to R.C. 3105.18(B): "In divorce and legal separation proceedings, *upon the request of either party* and after the court determines the division or disbursement of property under section 3105.171 of the Revised Code, the court of common pleas may award reasonable spousal support to either party." (Emphasis added).

{¶8} When spousal support is not specifically requested and the other party was unaware that spousal support was an issue at trial, the trial court lacks jurisdiction to award spousal support. *Kachmar v. Kachmar*, 7th Dist. Mahoning No. 08 MA 90, 2010-Ohio-1311, ¶ 102. Appellant did not request spousal support in his complaint for divorce. Appellant referenced spousal support at the trial by way of his counsel stating Appellee's "employment" was a remaining issue to be determined by the court. (Tr. 14). But he did not request spousal support at the hearing. Appellant's first request for spousal support came in his objection to the magistrate's decision, the only identifiable request.

{¶9} Without a request for spousal support, the trial court was likely without jurisdiction to award it. Nonetheless, even if the trial court had considered the issue, the result would be the same.

{¶10} When determining if spousal support is appropriate and reasonable, and the amount of spousal support, the court shall consider the following factors:

(a) The income of the parties, from all sources * * *;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party * * *;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.18(C)(1).

{¶11} Appellant contends the trial court abused its discretion in accepting Appellee's testimony that she will not be working due to health problems and is going to retire. Appellant further argues Appellee's earning ability was not taken into consideration when denying spousal support.

{¶12} The evidence does not support an award of spousal support for Appellant. Appellant was 55 years old and Appellee was 53 years old at the time of the hearing, with both having health issues. The parties had been married since 1991 and had established a middle-class standard of living. Appellant underwent knee surgery, was hospitalized in

the past due to COVID, and has other health issues. Appellee had multiple surgeries due to cancer. Appellant had a career as a corrections officer, earning a base salary of $81,000 prior to voluntarily retiring in 2019. Appellee was employed as a nurse, earning approximately $40,000 annually.

**{¶13}** The parties' testimony explained that during the marriage, there was a plan to save for retirement and travel in later years once they retired. The trial court divided Appellant's retirement and pension equally between Appellant and Appellee. Appellee had no retirement account, and according to testimony, had contributed portions of her income into Appellant's retirement account. The magistrate noted that "Both parties are young enough and capable enough of returning to work to make up for any income necessary to pay their own expenses." (5/31/2022 J. Entry).

**{¶14}** Given the evidence, even if Appellant had timely requested spousal support, the trial court would have been within its discretion to deny the request.

**{¶15}** Thus, Appellant's sole assignment of error is without merit and is overruled.

**{¶16}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

D'Apolito, P.J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Domestic Relations Division, of Columbiana County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**